IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DARRYL W. DOSS<br>ANITA L. DOSS<br>　Plaintiffs<br><br>VS.<br><br>FAY SERVICING, LLC<br>　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>C.A. NO. __1:20-cv-00744__ |

## DEFENDANT'S NOTICE OF REMOVAL

Fay Servicing, LLC ("Fay" or "Defendant") hereby removes this case from the 98th District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division. Defendant denies the claims and damages alleged in Plaintiffs' Second Amended Original Petition and files this Notice without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court.

### I.   INTRODUCTION

1. On or about July 1, 2020, Plaintiffs, Darryl W. Doss and Anita L. Doss ("**Plaintiffs**") commenced this action by filing Plaintiffs' Original Petition (the "**Complaint**"), Cause D-1-GN-20-003455 in the 98th District Court of Travis County, Texas (the "**State Court Action**"). See Exhibit C-1. Defendant was never served with Plaintiffs' Original Petition. On July 2, 2020, Plaintiff filed their First Amended Petition. See Exhibit C-2. Defendant was likewise never served with that pleading. On July 2, 2020, Plaintiffs filed their Second Amended Original Petition and Application for Temporary Restraining Order (the "**Complaint**"). See Exhibit C-3. Defendant was served with the Complaint on July 8, 2020, which was the first service of any pleading on Defendant in this action.

2. Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of Defendant's first receipt of the initial

20170194.20200478/3757343.1

state court pleading. *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a). Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiffs and filed in the State Court Action.

## III. BASIS FOR REMOVAL

4. This action is within the original jurisdiction of the United States District Court based on federal question jurisdiction. Furthermore, venue is proper in the Western District of Texas, Austin Division, under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.

### A. Federal Question Jurisdiction

5. Removal is proper because Plaintiffs' suit involves a federal question. 28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). A case arises under 28 U.S.C. §1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." See *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 689-90 (2006). Further, the Fifth Circuit Court of Appeals has held that "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights." *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988 (5th Cir. 1988).

6. Among other claims, Plaintiffs have alleged violations of Real Estate Settlement Procedures Act ("RESPA").[1] Plaintiffs' claims arise under the laws of the United States of America, the United States District Court has original jurisdiction, and removal is appropriate.

7. Additionally, this Court should also exercise supplemental jurisdiction over all claims because they are so related to the federal claims that they form part of the same case or controversy. See 28 U.S.C. § 1367(a). As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplement jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allpattah Servs., Inc.*, 545, 558 (2005).

## IV. JURY DEMAND

8. Plaintiffs have made a jury demand in the State Court Action.

## V. CONCLUSION

9. For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas 77002-2772
    713-220-9182 Telephone
    713-223-9319 Facsimile
    Email: mhord@hirschwest.com
    Email: emettenbrink@hirschwest.com
    **ATTORNEYS FOR DEFENDANT**

---

[1] *See* Complaint at ¶¶ 20-24 referencing 12 C.F.R. 1024 of RESPA and alleging violations of same.

20170194.20200478/3757343.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2020, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** as follows:

Fred E. Walker
Kimberly Nash
609 Castle Ridge Road, Suite 220
Austin, TX 78746
**Via Email and U.S. Regular Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.